## PIPPIN v. HUNTINGTON,

1. P purchased some slaves of H, for $1400, upon which A and B had mortgages, the latter being the eldest, paid down $1000, and executed his note for $400, H agreeing to satisfy both mortgages. At the time of the sale, the slaves were in the possession of A, to whom H delivered the note of $400, and obtained possession of the slaves, which he delivered over to P. H did not satisfy the mortgage of B, and P was compelled to pay upon it a larger sum than the amount of the note. Suit being brought on the note in the name of H, for the use of A against P—Held that if P was privy to, and assented to the agreement between H and A, by which the former obtained possession of the slaves from A, he could not defend himself against the payment of the note, by proving that he had been compelled to pay a larger sum for H, but in the absence of such proof, A must be understood as having delivered up the slaves, on the responsibility of H, and had therefore no greater rights than H would have, if suing for his own benefit.

Error to the Circuit Court of Greene,

DEBT, by the defendant in error against the plaintiff in error, on a sealed note, for the use of one Adams.

Pleas, the " general issue, failure of consideration, payment, and set off, in short, by consent."

Upon the trial of the cause, the defendant proved, that he

purchased from Huntington, two slaves at $1400, one thousand dollars of which was paid in cash, and the note sued on given for the residue. That at the time of the purchase there were two mortgages on the slaves, one in favor of Adams, for whose use the suit is brought, and the other in favor of one Boothe, both of which were in force, and unsatisfied, Boothe's being the eldest, and Huntington agreed to satisfy both mortgages. At the time of the sale, the negroes were in the possession of Adams, and the note sued upon, notwithstanding the understanding that it should go to Boothe, was given to Adams by Huntington, in satisfaction of his mortgage, who then gave up the negroes to Huntington, by whom they were delivered to the defendant. Huntington did not discharge Boothe's mortgage, and the defendant was compelled to pay Boothe upwards of $600, to relieve the slaves from the *lien* of the mortgage.

Upon this testimony, the defendant moved the court to charge, that if the contract between the plaintiff and defendant, was, that the note should be applied to the payment of Boothe's mortgage, so as to perfect the title, and it was not so applied, and Boothe's mortgage was not otherwise satisfied by the plaintiff, and that defendant had been compelled to pay a larger sum, than the amount of the note, to extinguish his mortgage, the plaintiff could not recover.

Also, that if the contract between the plaintiff and defendant was, that he was not to pay the note, unless the plaintiff paid off and extinguished Boothe's mortgage, and he had not done so, he could not recover. Both of these charges the court refused to give, and the defendant excepted. These matters are now assigned as error.

A. GRAHAM, for plaintiff in error, cited 1 Ala. R. 41.

WEBB, contra. The court correctly refused the first charge asked for, because, if Pippin purchased with a knowledge of Adams' possession, and rights, as appears from the bill of exceptions, Adams cannot be prejudiced, by a contract between the defendant and Huntington. The defence cannot be set up, because it is in the nature of a cross action for the fraud.

The defendant purchased with a knowledge of all the facts and circumstances. [2 Kent's Com. 478; 1 S. & P. 80; 1 Ala. R. 645.]

Defendant cannot create a defence, by voluntarily extinguishing even a paramount title. (1 S. & P. 223; 4 Ala. R. 700.] Nor can he defend, by proving a want of title in the vendor. [3 P. 126; 19 Johns, 77; 1 Mass. 65 ]

The facts of the case are, that the bond was made, and delivered to Adams, before he delivered the slaves, and Huntington must be considered as the agent of the defendant, for this purpose. The delivery of the slaves was a valuable consideration.

The plea to invalidate the consideration of the bond, must be a special plea, under the statute. [Clay's Dig. 340, § 153.] The rights of Adams will be protected, if he received the note without notice of the defence.

Upon the whole case, it is clear, that the defendant cannot succeed, and he is not prejudiced. [1 S. & P. 81; 8 Porter, 546; 9 Id. 403; 3 Ala. R. 599.]

ORMOND, J.—If the nominal plaintiff was prosecuting this suit for his own benefit, it is manifest he could not recover. If for no other reason, because the defendant has been compelled to pay a sum greater than the amount of the note sued upon, to relieve the slaves from the *lien* which it was his duty to discharge. Is the case altered, because the suit is brought for the use of Adams?

It seems, that at the time of the sale, the slaves were in the possession of Adams, who had a mortgage upon them, and that he delivered them up to Huntington, on receiving defendant's note. If the defendant was privy to, and assented to this arrangement, he would thereby have precluded himself from setting up this defence to the note. If he was not, he would not be bound by the act of Huntington, and in delivering the negroes to him, Adams must be understood as contracting with, and relying on him, and in that aspect, he would have no greater, or other rights, than Huntington himself.

Which of these two aspects of the case was true, in point of fact, it was the province of the jury to determine. The

first charge moved for, was warranted by the proof set out in the record, and should have been given. If the plaintiff desired a charge, founded upon the consent of defendant, to the delivery of the slaves upon the receipt of the note, and the evidence as is now insisted, warranted such an assumption, it should have been moved for. In refusing the charge which was asked, and which the proof warranted, the court assumed the decision of the facts of the case, and refused it, according to the argument made in this court, because the defendant was privy, and assented to the delivery of the slaves, by Adams to Huntington, on condition of receiving the note. As already observed, if this were the fact, it would preclude the defendant from making this defence, but whether such was the fact or not, it was for the jury to determine, and not the court.

It has been also urged, that if the court decided wrong, the defendant is not injured, because it appears that Adams has a mortgage upon the slaves. Whether that is so or not, is a matter which cannot be tried in this action. Conceding it to be so, and that he has the right to coerce from the defendant, a sum equal to, or greater than the amount of the note, this right of action against him, cannot extinguish the defence he has the right to make to this note.

As to the pleadings, it is sufficient to say, that the defence was admissible under the plea of failure of consideration, which may be pleaded to a specialty, and which being pleaded informally, by consent, must be considered as having all the requisites of a special plea.

Let the judgment be reversed and the cause remanded.