## HUNTINGTON, use, &c. v. ADAMS.

1. H. sold P. two slaves, and received in payment a sum of money in cash, and the bond of P. for $400, and promised P. that this bond should not be applied in any other way, than to the extinguishment of a mortgage, which one B. held on the slaves. Held, that this testimony did not contradict the bond, the written evidence of the contract—Nor was it irrelevalent, as the question between the plaintiff, and defendant, was whether the latter assented to the delivery of the bond, by H. to the former.

Error to the Circuit Court of Greene.

THE facts of the case appear sufficiently in the opinion See the case previously reported 9 Ala. 228.

W. P. WEBB for plaintiff in error.

J. B. CLARKE, contra.

Huntington, use, &c. v. Adams.

ORMOND, J.—This case has previously been before this court, and will be found reported 9 Ala. 228. The question now presented, is not the same as at the last term.

The facts are, that Huntington sold Pippin two slaves for $1400, and received for them $1000 in cash, and his bond for $400. At the time of the sale, there were two mortgages on the slaves, one in favor of one Booth, and the latter in favor of Adams, for whose use the suit is brought—the mortgage of Booth being the eldest, but the slaves at the time, being in the possession of Adams. At the time the contract was made Huntington promised Pippin, to satisfy both mortgages, and that he would not dispose of the bond unless he did so to Booth, and that the bond was not to be applied in any other way, than to the payment of Booth. This contract was by parol only; and the first question reserved on the record, is, whether this testimony was competent.

It is resisted on the ground that it is a violation of the rule of law, forbidding a written contract to be explained, by parol testimony.

We are not able to perceive that it has this effect. The written contract shows, that Pippin owes Huntington, a sum of money. The contemporaneous parol contract, that Huntington would not dispose of it, except to Booth. who held the oldest mortgage. This certainly has no tendency to, contradict the bond, but admits it, and establishes the disposition Huntington promised to make of it.

Nor is the testimony irrelevant. When the case was here at a previous term, we held, that if Pippin was privy to, and assented to the arrangement between Huntington, and Adams, by which the latter delivered the slaves to the former, on receiving Pippin's bond, he would be precluded from setting up any defence against it, otherwise he would not be precluded. This then was made the turning point of the case, and the evidence of what took place between Huntington and Pippin, was not only relevant, but if believed by the jury was quite conclusive to establish, that Pippin neither knew, or assented to the delivery of the bond to Adams.

The court correctly refused to instruct the jury, that the facts in evidence warranted the inference, that Huntington, in delivering the bond to Adams, and obtaining the slaves

from him, acted as the agent of Pippin. Doubtless the understanding of the parties, was, that Huntington was to discharge the mortgage of Adams. This necessarily follows, from the sale of the slaves by Huntington to Pippin; but certainly in perfecting a title which he had sold, he cannot be considered as the agent of the vendee. At least no such inference can be drawn from the fact, merely, that he was to get possession of the slaves, by extinguishing the incumbrance.

We can perceive no error in the record. Judgment affirmed.